IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA PAGE,<br>      Plaintiff,<br><br>    v.<br><br>ANDREW CUOMO, in his official capacity as Governor of the State of New York; HOWARD A. ZUCKER, in his official capacity as Commissioner, Department of Health of the State of New York,<br>      Defendants. | No.  1:20-cv-732 (DNH/TWD)<br><br>**COMPLAINT** |

Plaintiff Cynthia Page ("Plaintiff"), by and through undersigned counsel, brings this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof alleges the following upon information and belief:

**INTRODUCTION**

1. This case seeks to protect and vindicate fundamental liberties that citizens of the United States enjoy free from government interference. This includes the liberty of law-abiding citizens to travel between states within our United States of America. The State of New York is not an independent country. The Governor of New York does not have dictatorial powers that permit him to require healthy, law-abiding citizens to remain quarantined, which is akin to a house arrest, for fourteen days as a condition on their right to freely travel in and through the State of New York.

2. Throughout this current pandemic, Defendant Cuomo has shamefully politicized this public health crisis. The current restriction on out-of-state travelers is the most recent example. Indeed, the Department of Health "Interim Guidance for Quarantine Restrictions on Travelers Arriving in New York State Following Out of State Travel" reads like a political press release lauding Defendant Cuomo. Yet, under Defendant Cuomo's "leadership," New York has

by far the most virus infections and deaths. And many of the deaths, especially of the elderly in nursing homes, are a direct result of policies implemented by Defendant Cuomo.

3. Indeed, while Defendant Cuomo prohibits by executive order the size of "non-essential" public gatherings (from none, to ten, to now twenty-five persons), including the size of public protests protected by the First Amendment, he has publicly endorsed and participated in the large, mass public protests that erupted following the death of George Floyd by a white police officer in Minneapolis, Minnesota. There was no social distancing or adherence to other public health protocols during these mass protests, but Defendant Cuomo did not care. It was politically advantageous for him to join and participate in the protests.

4. Defendant Cuomo's hypocrisy was on full display this past March when Rhode Island Governor Gina Raimondo had police officers stop vehicles with New York license plates. At that time, Defendant Cuomo threatened to sue and tweeted, "We will not let New Yorkers be discriminated against." Now, through the travel restriction challenged in this Complaint, Defendant Cuomo, a Democrat governor of a Blue State, is discriminating against other states, the vast majority of which are Red States.

5. As stated by the U.S. Supreme Court in *Saenz v. Roe*, 526 U.S. 489 (1999):

> A citizen of the United States has a perfect constitutional right to go to and reside in any State he chooses, and to claim citizenship therein, and an equality of rights with every other citizen; and the whole power of the nation is pledged to sustain him in that right. He is not bound to cringe to any superior, or to pray for any act of grace, as a means of enjoying all the rights and privileges enjoyed by other citizens.

*Id*. at 503-04 (internal quotations and citation omitted).

6. This civil rights action is brought under the Fourteenth Amendment to the United States Constitution, Article IV, section 2 (Privileges and Immunities Clause) of the United States Constitution, and 42 U.S.C. § 1983, challenging Defendant Cuomo's authority to issue and

Defendant Zucker's authority to enforce Executive Order 205, titled "Quarantine Restrictions on Travelers Arriving in New York."

7. Plaintiff seeks a declaration that the enactment and enforcement of Executive Order 205 as set forth in this Complaint violates her fundamental liberties and rights secured by the United States Constitution and an order enjoining the same. Plaintiff also seeks an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other applicable laws.

## JURISDICTION AND VENUE

8. This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

9. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, by *Ex parte Young*, 209 U.S. 123 (1908), and by the general legal and equitable powers of this Court.

10. Plaintiff's claim for an award of her reasonable costs of litigation, including attorneys' fees and expenses, is authorized by 42 U.S.C. § 1988 and other applicable law.

11. Venue is proper under 28 U.S.C. § 1391(b) because the Office of the Governor of the State of New York and the Department of Health of the State of New York are located in this judicial district and all Defendants are residents of the State in which this district is located.

## PARTIES

12. Plaintiff Cynthia Page is an adult citizen of the United States and a resident of Arizona.

13. Defendant Andrew Cuomo is the Governor of the State of New York. Pursuant to his authority as Governor and under color of State law, Defendant Cuomo issued Executive Order 205.

14. Defendant Cuomo is sued in his official capacity only.

15. Defendant Howard A. Zucker is the Commissioner for the Department of Health of the State of New York. As the Department of Health Commissioner, Defendant Zucker is responsible for creating guidance and regulations for the implementation and enforcement of Executive Order 205. Defendant Zucker is also responsible for enforcing Executive Order 205 and its implementing guidance and regulations.

16. Defendant Zucker is sued in his official capacity only.

## STATEMENT OF FACTS

17. On June 25, 2020, Defendant Cuomo issued Executive Order 205, which places quarantine restrictions on travelers arriving in the State of New York. A true and correct copy of this order, which is incorporated herein by reference, is attached to this Complaint as Exhibit 1.

18. Pursuant to Executive Order 205, "The commissioner of the Department of Health to issue a travel advisory to be communicated widely at all major points of entry into New York, including on highway message boards and in all New York airports, that: All travelers entering New York from a state with a positive test rate higher than 10 per 100,000 residents, or higher than a 10% test positivity rate, over a seven day rolling average, will be required to quarantine for a period of 14 days consistent with Department of Health regulations for quarantine."

19. Pursuant to Executive Order 205, Defendant Zucker issued "Interim Guidance for Quarantine Restrictions on Travelers Arriving in New York State Following Out of State Travel" (hereinafter referred to as "DOH Guidance"). A true and correct copy of the DOH Guidance, which is incorporated herein by reference, is attached to this Complaint as Exhibit 2.

20. Pursuant to Executive Order 205 and the DOH Guidance, persons traveling from one of the "restricted" states are required to quarantine for 14 days, unless the traveler is an

"essential worker." A true and correct copy of a list of the "restricted states," which is incorporated herein by reference, is attached to this Complaint as Exhibit 3.

21. The quarantine requirements under the DOH Guidance and thus Executive Order 205 include the following restrictions:

- The individual must not be in public or otherwise leave the quarters that they have identified as suitable for their quarantine.

- The individual must be situated in separate quarters with a separate bathroom facility for each individual or family group. Access to a sink with soap, water, and paper towels is necessary. Cleaning supplies (e.g. household cleaning wipes, bleach) must be provided in any shared bathroom.

- The individual must have a way to self-quarantine from household members as soon as fever or other symptoms develop, in a separate room(s) with a separate door. Given that an exposed person might become ill while sleeping, the exposed person must sleep in a separate bedroom from household members.

- Food must be delivered to the person's quarters.

- Quarters must have a supply of face masks for individuals to put on if they become symptomatic.

- Garbage must be bagged and left outside for routine pick up. Special handling is not required.

- A system for temperature and symptom monitoring must be implemented to provide assessment in-place for the quarantined persons in their separate quarters.

- Nearby medical facilities must be notified, if the individual begins to experience more than mild symptoms and may require medical assistance.

- The quarters must be secure against unauthorized access.

22. The quarantine restrictions required by Executive Order 205 and the DOH Guidance are the equivalent of a house arrest. However, there is no requirement that Defendants demonstrate that the person quarantined actually has COVID-19 or was exposed to someone who has COVID-19.

23. Pursuant to Executive Order 205, "Any violation of a quarantine or isolation order issued to an individual pursuant to the Commissioner of the Department of Health's travel advisory by a local department of health or state department of health may be enforced pursuant to article 21 of the public health law, and non-compliance may additionally be deemed a violation pursuant to section 12 of the public health law subject to a civil penalty of up to $10,000."

24. The civil penalty for violating Executive Order 205 may be recovered by an action brought by Defendant Zucker in any court of competent jurisdiction.

25. The DOH Guidance created a "snitch line" whereby a person can "file a report of an individual failing to adhere to the quarantine" restrictions.

26. The "restricted" states are mostly Red States. Included amongst the restricted states is Arizona. *See* Ex. 3.

27. Plaintiff had plans to go to Brooklyn, New York to assist with packing up the home of Miriam Yerushalmi in preparation for the sale of her home. The Yerushalmi's recently moved to California.

28. Plaintiff was scheduled to fly from her home in Arizona to New York on June 29, 2020, and she was scheduled to be in New York for two weeks.

29. Plaintiff was excited to go to New York as it has been her lifelong dream to visit New York City.

30. Not only was this Plaintiff's last chance to see the sights of New York City with the Yerushalmi family, but now it was more important than ever for her to go and help Miriam as her husband, David, dislocated his shoulder and is now recovering from surgery. Because of his recent surgery, David cannot fly to New York nor would he be able to assist in any way with packing up the home.

31. Just as Plaintiff was preparing to purchase her ticket on June 25, 2020, she learned that Defendant Cuomo had issued Executive Order 205 and that Arizona was one of the "restricted" states requiring her to quarantine for two weeks upon her arrival in New York. As a result, Plaintiff had to cancel her plans.

32. There was no way for Plaintiff to fly to New York and then quarantine under the restrictive requirements of the DOH Guidance for two weeks before she could begin to help her friend Miriam with her move. Plaintiff was only scheduled to be in New York for two weeks. Plaintiff could not extend her stay due to work and family obligations. This was and continues to be very upsetting for Plaintiff.

33. Until this restriction is halted, Plaintiff will be unable to travel to New York, and she will be unable to assist the Yerushalmi's with their move. As a result, Plaintiff's travel to

New York and the moving plans are now on hold, causing irreparable harm to Plaintiff and others.

34. The restrictions imposed as a result of Executive Order 205 are arbitrary, capricious, and irrational. For example, a perfectly health person, such as Plaintiff, is not permitted to travel from Arizona to New York without subjecting herself to a 14-day quarantine. However, a person with COVID-19 can travel freely between New Jersey (or any other state not on the "restricted states" list) and New York.

35. The Center for Disease Control and Prevention (CDC) has predicted another wave of COVID-19 next winter, coinciding with the annual flu season.

36. Some experts insist that restrictions similar to the travel restriction challenged here should remain in effect until a vaccine is developed, and this could take up to 18 months.

37. Each year there is a flu season. Some years, such as this one, are far worse than others. Consequently, restrictions like those challenged in this Complaint will easily and predictably become the "new norm," resulting in the loss of liberty. The United States Constitution demands more. The Bill of Rights is a restriction on the power of government; it is not a conferring of rights by the government on the people. Accordingly, the burden is on the government to justify the restrictions and not on the people to justify their freedom.

38. Because it is always in the public interest to protect constitutional rights, the public has a compelling interest in determining the legality of the challenged travel restriction.

39. The United States Constitution places the burden on the government to set forth specific facts demonstrating a reasonable fit between a restriction imposed by an executive order

and a significant, substantial, or important government objective for imposing the restriction. And when such a restriction burdens fundamental liberties, as is the case with the challenged restriction on travel as set forth in this Complaint, the government has the burden to set forth specific facts demonstrating that the challenged restriction is necessary to serve a compelling State interest and that it is narrowly drawn to achieve that interest.  Defendants cannot meet their burden here.

40. In the final analysis, the challenged restriction on travel, as set forth in this Complaint, lacks any rational basis, is arbitrary, capricious, and vague, has no real or substantial relation to the objectives of Executive Order 205, and is beyond all question, a plain, palpable invasion of rights secured by fundamental law.  Consequently, it is the duty of this Court to so adjudge, and thereby give effect to the United States Constitution by declaring the travel restriction unlawful and enjoining its future enforcement.

## FIRST CLAIM FOR RELIEF

### (Equal Protection—Fourteenth Amendment)

41. Plaintiff hereby incorporates by reference all stated paragraphs.

42. By reason of the aforementioned acts, orders, policies, practices, procedures, and regulations, created, adopted, and enforced under color of State law, Defendants have deprived Plaintiff of the equal protection of the law guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

43. When the government treats an individual disparately as compared to similarly situated persons and that disparate treatment burdens a fundamental right, targets a suspect class, or has no rational basis, such treatment violates the equal protection guarantee of the Fourteenth

Amendment. As set forth in this Complaint, Executive Order 205 and its implementing guidance and regulations violate the equal protection guarantee of the Fourteenth Amendment.

44. The equal protection guarantee, like the Constitution itself, was "framed upon the theory that the peoples of the several states must sink or swim together, and that in the long run prosperity and salvation are in union and not division." *Baldwin v. G. A. F. Seelig, Inc.*, 294 U.S. 511, 523 (1935) (Cardozo, J.).

45. The right to travel is a virtually unconditional personal right, guaranteed by the Constitution to us all.

46. The right to travel achieves its most forceful expression in the context of an equal protection analysis because equality of citizenship is of the essence in our Republic.

47. A regulation that has the effect of imposing a penalty on the exercise of the right to travel violates the Equal Protection Clause unless shown to be necessary to promote a compelling governmental interest. Executive Order 205 and its implementing guidance and regulations impose a penalty on the right to travel and thus violate the Equal Protection Clause because they are not necessary to promote a compelling governmental interest.

48. Executive Order 205 and its implementing guidance and regulations discriminate against individuals because they reside in or travel from certain "restricted" States. This disparate treatment is arbitrary and capricious, and it has no rational basis, particularly since a perfectly healthy person from one of the "restricted" States is prohibited from traveling to New York but a person with COVID-19 from a State that is not "restricted" can travel to and throughout New York with impunity. This disparate treatment violates the equal protection guarantee of the Fourteenth Amendment.

49. As a direct and proximate result of Defendants' violation of the equal protection guarantee of the Fourteenth Amendment as set forth in this Complaint, Plaintiff has suffered irreparable harm, including the loss of her fundamental constitutional rights, entitling her to declaratory and injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Privileges and Immunities—Article IV, § 2 & Fourteenth Amendment)

50. Plaintiff hereby incorporates by reference all stated paragraphs.

51. By reason of the aforementioned acts, orders, policies, practices, procedures, and regulations, created, adopted, and enforced under color of State law, Defendants have deprived Plaintiff of the privileges and immunities guaranteed by Article IV, section 2 of the United States Constitution, the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

52. Article IV, section 2, provides: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art IV, § 2.

53. The Fourteenth Amendment provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." U.S. Const. amend. XIV.

54. It long has been established that the object of the Privileges and Immunities Clause is as follows:

> It was undoubtedly the object of the [Privileges and Immunities] clause in question to place the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned. It relieves them from the disabilities of alienage in other States; it inhibits discriminating legislation against them by other States; it gives them the right of free ingress into other States, and egress from them; it insures to them in other States the same freedom possessed by the citizens of those States in the acquisition and enjoyment

> of property and in the pursuit of happiness; and it secures to them in other States the equal protection of their laws.  It has been justly said that no provision in the Constitution has tended so strongly to constitute the citizens of the United States one people as this.  Indeed, without some provision of the kind removing from the citizens of each State the disabilities of alienage in the other States, and giving them equality of privilege with citizens of those States, the Republic would have constituted little more than a league of States; it would not have constituted the Union which now exists.

*Paul v. Va.*, 8 Wall. 168, 180 (1869).

55. Both Article IV, section 2 and the Fourteenth Amendment protect the fundamental right to free movement and thus the fundamental right to freely travel interstate.

56. As set forth in this Complaint, Executive Order 205 and its implementing guidance and regulations deprive Plaintiff of the privileges and immunities entitled to all citizens of the United States in violation of Article IV, section 2 and the Fourteenth Amendment.  This deprivation will continue absent declaratory and injunctive relief.

57. As a direct and proximate result of Defendants' violation of the Privileges and Immunities Clause of Article IV, section 2 and the Fourteenth Amendment as set forth in this Complaint, Plaintiff has suffered irreparable harm, including the loss of her fundamental constitutional rights, entitling her to declaratory and injunctive relief.

### THIRD CLAIM FOR RELIEF

### (Due Process—Fourteenth Amendment)

58. Plaintiff hereby incorporates by reference all stated paragraphs.

59. By reason of the aforementioned acts, orders, policies, practices, procedures, and regulations, created, adopted, and enforced under color of State law, Defendants have deprived Plaintiff of her right to due process in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

60. Executive Order 205 and its implementing guidance and regulations, as set forth in this Complaint, lack any rational basis, are arbitrary, capricious, and vague, have no real or substantial relation to the objectives of the order, and are a palpable invasion of rights secured by fundamental law in violation of the Due Process Clause of the Fourteenth Amendment.

61. The constitutional right to travel from one State to another occupies a position fundamental to the concept of our Republic. It is a right that has been firmly established and repeatedly recognized and is thus a fundamental liberty interest protected by the substantive due process component of the Fourteenth Amendment. Executive Order 205 and its implementing guidance and regulations, as set forth in this Complaint, violate this fundamental right in violation of the Fourteenth Amendment.

62. Executive Order 205 and its implementing guidance and regulations, as set forth in this Complaint, are not narrowly tailored to serve a compelling State interest in violation of the Fourteenth Amendment.

63. Executive Order 205 and its implementing guidance and regulations, as set forth in this Complaint, compel persons, including Plaintiff, to quarantine without requiring the government to demonstrate that the person has COVID-19 or was actually exposed to COVID-19 in violation of the Due Process Clause of the Fourteenth Amendment.

64. As a direct and proximate result of Defendants' violation of the Fourteenth Amendment as set forth in this Complaint, Plaintiff has suffered irreparable harm, including the loss of her fundamental constitutional rights, entitling her to declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A) to declare that Defendants violated her fundamental constitutional rights as set forth in this Complaint;

B) to enjoin Defendants' enforcement of the challenged travel restriction as set forth in Executive Order 205 and its implementing guidance and regulations as set forth in this Complaint;

C) to award Plaintiff her reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law;

D) to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

AMERICAN FREEDOM LAW CENTER

*/s/ David Yerushalmi*
David Yerushalmi, Esq. (NY Bar No. 4632568; DC Bar No. 978179; Cal. Bar No. 132011; Ariz. Bar No. 0096)
383 Kingston Avenue
Suite 103
Brooklyn, New York 11213
Tel: (646) 262-0500; Fax: (801) 760-3901

Robert J. Muise, Esq.* (MI P62849)
PO Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756; Fax: (801) 760-3901
rmuise@americanfreedomlawcenter.org
*Subject to admission